2008 OK CIV APP 24

**CITY OF TULSA, Petitioner,**

v.

**Darrice T. CARR, and the Workers'
Compensation Court,
Respondents.**

**No. 104,791.**

Court of Civil Appeals of Oklahoma,
Division No. 2.

Jan. 25, 2008.

James E. Saunders, Assistant City Attorney City of Tulsa, Tulsa, OK, for Petitioner.

Timothy S. Gilpin, Tulsa, OK, for Respondent.

KEITH RAPP, Chief Judge.

¶1 The City of Tulsa (Employer) appeals an order of the workers' compensation trial court apportioning settlement proceeds received from the third-party tortfeasor's non-party insurance carrier.

1. Claimant's counsel amended the Form 3 at the hearing on permanent partial disability to include an injury to the left leg.

2. The record in this matter does not support the various statute of limitations claims made by Employer.

## BACKGROUND

¶2 On May 26, 2004, Claimant, Darrice T. Carr, (Claimant) was involved in an automobile accident while working for Employer. A third party driving an automobile ran into Claimant from behind and Claimant sustained injuries to his back and left leg.

¶3 Claimant filed a Form 3 on November 30, 2006, asserting injury to his back.[1] Employer admitted Claimant sustained a work-related injury and commenced payment of temporary total disability benefits. Claimant subsequently filed a Form 9 seeking a trial on the issues of permanent partial disability and continuing medical care and prescriptions.

¶4 Claimant did not file an action against the tortfeasor driver of the automobile involved in the accident, but did contact the driver's insurance company. Employer provided notice and assertion of a subrogation claim to the tortfeasor driver's insurance carrier prior to the statute of limitations period running.[2] The tortfeasor's insurance carrier tendered a check in the amount of $10,000.00 to Employer, which represented the policy limits of the driver's liability policy.

¶5 The workers' compensation trial court conducted a hearing on the issue of permanent partial disability and medical maintenance on May 14, 2007. At the trial, Claimant's counsel reminded the court that Employer's Form 10 asked the court to resolve the subrogation issue. Employer's counsel agreed.

¶6 The workers' compensation trial court entered an order finding Claimant sustained a work-related injury to his back (with left leg radiculopathy). The court also found Claimant sustained 30 percent permanent partial disability to his back and awarded him benefits. Concerning the insurance proceeds, the court apportioned the $10,000.00 subrogation funds between Employer, Claimant, and Claimant's attorney.[3] The court held:

3. Claimant's counsel informed the workers' compensation court that his portion of the insurance proceeds granted as attorney's fees should be given to Claimant. Such action is to be commended.

THAT [Employer] received policy limits proceeds from third party insurance carrier in the sum of $10,000.00, which has been held in trust.

THAT the claimant is entitled to be compensated for different types of damages in a civil action than he would be in a workers' compensation action.

THAT [Employer's] claim that it is entitled to the entire proceeds due to the expiration of the statute of limitations and/or because it has paid benefits in excess of policy limits is DENIED.

THAT [Employer's] alternative motion for determination of the amount of its subrogation lien is GRANTED. [Employer] is entitled to 1/3 of the proceeds, claimant is entitled to 1/3 of the proceeds and claimant's attorney is entitled to 1/3 of the proceeds in satisfaction of his attorney fee lien.

¶ 7 Employer appeals.

## STANDARD OF REVIEW

¶ 8 The issue of jurisdiction presents a question of law, which demands a *de novo* review. *Samman v. Multiple Injury Trust Fund*, 2001 OK 71, ¶ 8, 33 P.3d 302, 305. "This Court has plenary, independent and non-deferential authority to examine a trial court's legal rulings." *Id.*

## ANALYSIS

¶ 9 Employer presents a single issue on appeal-whether the workers' compensation trial court lacked subject matter jurisdiction to apportion third-party tortfeasor's insurance proceeds paid to Employer by the third-party tortfeasor's liability insurance carrier, which was not a party to the present workers' compensation action.

¶ 10 In his answer brief, Claimant agrees the workers' compensation court does not have jurisdiction in this matter.

¶ 11 When an appellee confesses error and after examination of the record, such is found by this Court to be reasonably sustained by the record, then the cause will be reversed and remanded in accordance with the confession of error. *Earley v. Baughman*, 1948 OK 237, 199 P.2d 210.

¶ 12 The applicable statute, 85 O.S. Supp. 2006, § 44(a), provides a procedure for an injured worker to follow when pursuing his cause of action against a third-party tortfeasor. Section 44(a) also specifically addresses recovery resulting from a compromise settlement and apportionment of that settlement. Section 44(a) provides in pertinent part:

(a) If a worker entitled to compensation under the Workers' Compensation Act is injured or killed by the negligence or wrong of another not in the same employ, such injured worker shall, before any suit or claim under the Workers' Compensation Act, elect whether to take compensation under the Workers' Compensation Act, or to pursue his remedy against such other. Such election shall be evidenced in such manner as the Administrator may by rule or regulation prescribe. If he elects to take compensation under the Workers' Compensation Act, the cause of action against such other shall be assigned to the insurance carrier liable for the payment of such compensation, and if he elects to proceed against such other person or insurance carrier, as the case may be, the employer's insurance carrier shall contribute only the deficiency, if any, between the amount of the recovery against such other person actually collected, and the compensation provided or estimated by the [Act] for such case. *The compromise of any such cause of action by the worker at any amount less than the compensation provided for by the Workers' Compensation Act shall be made only with the written approval of the Court.* Whenever recovery against such other person is effected without compromise settlement by the employee or his representatives, the employer or insurance company having paid compen-

sation under the [Act] shall be entitled to reimbursement as hereinafter set forth and shall pay from its share of said reimbursement a proportionate share of the expenses, including attorneys fees, incurred in effecting said recovery to be determined by the ratio that the amount of compensation paid by the employer bears to the amount of the recovery effected by the employee....

In the event that recovery *is effected by compromise settlement,* then in that event the expenses, attorneys fees and they balance of the recovery may be divided between the employer or insurance company having paid compensation and the employee or his representatives as they may agree. Provided, that in the event they are unable to agree, *then the same shall be apportioned by the district court having jurisdiction of the employee's action against such other person,* in such manner as is just and reasonable. (Emphasis added.)

¶ 13 Reading of the above clearly shows that this section is directed to an event where a claimant's third-party tortfeasor's action is pursued in the district court having jurisdiction of the cause of action and not in the workers' compensation court.

¶ 14 This Court finds that the plain language of Section 44(a) expressly grants the district court having jurisdiction over a claimant's third-party tortfeasor cause of action power to apportion insurance proceeds upon following the election procedures set out therein. This Court further finds the workers' compensation court, being a court of limited jurisdiction, does not have authority to apportion the insurance proceeds in a tort action by "another not in the same employ" prior to action or written approval by the district court.

¶ 15 Claimant's cause of action against the tortfeasor, who was not in the City of Tulsa's employ, was not filed in the district court. The record shows without dispute that Claimant, without aid of an attorney or assistance from Employer's attorney, settled the third-party action with the tortfeasor's insurance company for the tortfeasor's policy limits within one week of Claimant's accident and that the settlement proceeds were delivered by the insurance company to the City. Such conduct by Claimant is not contemplated by the statute and not covered by it.

¶ 16 Claimant has not yet received the benefit of the settlement from the tortfeasor's insurance company proceeds for the reason that the insurance company required Claimant to obtain Employer's waiver of claim to the proceeds. Employer refused to give the waiver. The insurance proceeds were subsequently paid to Employer, in trust, pending resolution of the insurance proceeds' ownership. The workers' compensation court did not have jurisdiction to apportion these proceeds and in doing so erred. Therefore, paragraphs 6, 7, 8, and 9 of the workers' compensation court's order are hereby vacated. The remainder of the order remains undisturbed and is sustained.

## CONCLUSION

¶ 17 The workers' compensation court did not have jurisdiction to apportion the insurance proceeds of the tortfeasor "not in the same employ" as Claimant and in doing so erred. The workers' compensation court order is sustained in part and vacated in part.

¶ 18 SUSTAINED IN PART, VACATED IN PART.

FISCHER, P.J., and WISEMAN, J., concur.